UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLERETHA CHANEY, ON BEHALF OF HER MINOR CHILDREN, RW AND SC | * * * | CIVIL ACTION NO: _____ |
| VERSUS | * * | SECTION _____ |
| TOWN OF SIMMESPORT, CHIEF DEPUTY GLENN HALL, IN HIS OFFICIAL CAPACITY AS DEPUTY OF SIMMESPORT POLICE DEPARTMENT, JOHN DOE AND SIMMESPORT POLICE DEPARTMENT | * * * * * * * | JUDGE _____ <br><br> MAG. _____ |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes, COLERETHA CHANEY, on behalf of her minor children, RW and SC, a major of full age and majority and resident and domiciliary of the Parish of Avoyelles, State of Louisiana, who respectfully represents the following:

1.

This Civil Complaint is brought pursuant to Title 42 U.S.C. Sections 1981, 1983, 1985 (3), 1986 and 1988 as an action of law to redress the intentional malicious and discriminatory deprivation under color of law, statute, ordinance, regulation, custom or usage of the rights, privileges, or immunities secured to Petitioner by the Constitution of the United States, including, but not necessarily limited to the Second Amendment, the Fourth Amendment, the Fifth Amendment, the Sixth Amendment, the Fourteenth Amendment, and/or by Acts of Congress and the U.S. Constitutions, and further asserts claims pursuant to the Constitution of the State of Louisiana and other pertinent statutes, laws and ordinances of this State.

## *JURISDICTION*

2.

Jurisdiction is vested in this Honorable Court under 28 U.S.C. Section 1331 and/or 28 U.S.C. Section 1343. Pendent jurisdiction is asserted for all claims cognizable under the laws of the State of Louisiana.

## *PARTIES*

3.

The following are made Defendants herein:

A. **TOWN OF SIMMESPORT,** a municipality located in the Parish of Avoyelles, Louisiana whose legal agent and representative is Mayor Leslie Draper, III;

B. **CHIEF DEPUTY GLENN HALL**, individually, and in his official capacity as a duly commissioned law enforcement officer of the Town of Simmesport, a person of the full age of majority and, upon information and belief, a resident and domiciliary of the Parish of Rapides, State of Louisiana;

C. **SIMMESPORT POLICE DEPARTMENT**, a municipal department within the supervision and control of the Town of Simmesport of the Parish of Avoyelles, and at all times relevant herein, the public employer of CHIEF DEPUTY GLENN HALL; and

D. **JOHN DOE,** individually and in his official capacity as a duly commissioned law enforcement officer of the Town of Simmesport, a person of the full age of majority and upon information and belief, a resident and domiciliary of the Parish of Avoyelles.

4.

All of the aforementioned Defendants are bound jointly, severally and *in solido* unto your Petitioner, COLERETHA CHANEY, on behalf of her minor children RW and SC, in an amount

fair and reasonable under the premises, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings, including attorney's fees, for the following reasons, to-wit:

5.

At all times pertinent hereto, Defendant, CHIEF DEPUTY HALL and JOHN DOE, were employed as a deputy with Defendant, SIMMESPORT POLICE DEPARTMENT, and was acting in the course and scope of his employment, and all acts and/or omissions were performed under the color of statutes and ordinances of the Town of Simmsport and the laws of the State of Louisiana.

*FACTUAL ALLEGATIONS*

6.

On or about April 6, 2020, Petitioner, COLERETHA CHANEY, left her home at approximately 1:00 p.m., to go to work. While at work, Petitioner received a telephone call from her oldest daughter, who stated that she had received a call from Petitioner's younger children, stating a police offer had entered their home through the back door. SC, the younger daughter, upon hearing entry being made to the home at the back door, ran toward the front door, where her brother, RW, was located. At that time, Chief Deputy Hall and John Doe, pulled a gun on her. The officer also spoke to Petitioner's minor son, RW, in a reckless manner, and then left the residence and the children without contacting their father or Petitioner. The officers and Defendants failed to intervene to prevent the constitutional violation as some of the officers viewed the subject conduct but did nothing to prevent the conduct or the furtherance of the intrusion and assault upon the victims set forth herein.

7.

A call was made by Petitioner to the Simmesport Police Department, at which time she was advised the officer was looking for the previous tenant's grandchildren and that they thought the residence was abandoned; however, Petitioner stated that the air conditioner was running and could be heard outside, thus should have made the officer aware that the residence was occupied

8.

Defendant, CHIEF HALL and JOHN DOE, at no time prior to the entering the residence made his presence known or requested entry into the residence.

9.

To date, Petitioner's minor children, RW and SC, suffer from:

A. Post-traumatic stress syndrome;

B. Fear of being left alone;

C. Fear of police officers;

10.

As a direct and proximate result of the acts and of Defendants, Petitioner's minor children, RW and SC, continue to feel emotional pain, embarrassment, humiliation and debilitating mental anguish, together with psychological trauma, including though not limited to Post Traumatic Stress Disorder, depression, sleep deprivation, nightmares, and flashbacks from the incident caused by the Defendants, CHIEF DEPUTY HALL and JOHN DOE. In addition, Petitioner, on behalf of her Minor Children, RW and SC, has been deprived of her physical and mental liberties, and was forced to incur legal expenses, medical expenses and related costs including though not limited to the following:

    A.       Past, present and future medical expenses;

    B.       Past, present, and future psychological expenses;

    C.       Past, present and future physical and emotional pain and suffering;

    D.       Past, present, and future mental anguish, pain, and distress;

    E.       Physical disabilities and impairment;

    F.       Loss of enjoyment of life;

    G.       Any and all other damages which shall be provided following discovery and upon the trial of this matter.

11.

At all times pertinent to these allegations, Petitioner's minor children, RW and SC, were unarmed, and did not pose a threat of death or bodily injury to the Defendant, CHIEF DEPUTY HALL and JOHN DOE.

12.

At no time whatsoever did Defendants, the TOWN OF SIMMESPORT, CHIEF DEPUTY HALL, JOHN DOE AND/OR the SIMMESPORT POLICE DEPARTMENT, have probable cause or reasonable suspicion to believe Petitioner or her minor children had committed or was committing a crime.

13.

Defendants, CHIEF DEPUTY HALL and JOHN DOE, acted with malice toward Petitioner's minor children, RW and SC, and with willful and wanton indifference to and deliberate regard for the statutory and constitutional rights of Petitioner and her minor children. The Defendant, CHIEF HALL's and JOHN DOE's, actions constitute unreasonable and excessive use of force and deprivation of liberty without due process of law.

14.

Upon information and belief, at all times pertinent herein, Defendants, the SIMMESPORT POLICE DEPARTMENT and the TOWN OF SIMMESPORT, permitted and tolerated a pattern and practice of excessive and/or unnecessary use of force by deputies and officers of the SIMMESPORT POLICE DEPARTMENT, including the specific acts of Defendant, CHIEF DEPUTY HALL and JOHN DOE, on the afternoon of the subject incident.

15.

Upon information and belief, Defendants, the SIMMESPORT POLICE DEPARTMENT and the TOWN OF SIMMESPORT, have maintained a system of review of police conduct which is so untimely and cursory as to be ineffective and to permit and tolerate the practice of excessive and/or unnecessary use of force by deputies and officers, including Defendant, CHIEF DEPUTY HALL and JOHN DOE.

16.

The acts, omissions, systemic flaws, policies, and customs of Defendants, the SIMMESPORT POLICE DEPARTMENT and the TOWN OF SIMMESPORT, have caused Defendant, CHIEF DEPUTY HALL, JOHN DOE and other officers and deputies of the SIMMESPORT POLICE DEPARTMENT to believe that the excessive and/or unnecessary use of force would not be aggressively, honestly, and properly investigated, with the foreseeable result that deputies and officers are more likely to use excessive or unnecessary force against Petitioner's minor children, RW and SC, and others in the future, such as the excessive and/or unnecessary force used by Defendant, CHIEF DEPUTY HALL, JOHN DOE and other officers to be identified, on the afternoon of the subject incident.

## *CLAIMS FOR RELIEF*

**COUNT I. VIOLATION OF CONSTITUTIONAL RIGHTS**

17.

Petitioner, COLERETH CHANEY on behalf of her minor children, RW and SC, incorporates herein by reference the allegations contained in paragraphs 1 through 15.

18.

The conduct of Petitioner's minor children, RW and SC, by Defendant, CHIEF DEPUTY HALL, JOHN DOE and other officers present to be identified, violated the rights of Petitioner and her minor children as guaranteed by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, for which the Defendant Officer is individually liable.

**COUNT II. VIOLATION OF CONSTITUTIONAL RIGHTS**

19.

Petitioner, COLERETH CHANEY, on behalf of her minor children, RW and SC, incorporates herein by reference the allegations contained in Paragraphs 1 through 16.

20.

The intentional use of excessive and/or unnecessary force against Petitioner's minor children by Defendant, CHIEF DEPUTY HALL, JOHN DOE and other officers to be identified, when Petitioner's minor children were unarmed and did not pose a threat of death or bodily injury to Defendant or others, when Defendant had no lawful authority to enter Petitioner's residence or to use force against her minor children, was done with malice toward Petitioner's minor children and with willful and wanton indifference to and deliberate disregard for the Constitutional rights of Petitioner's minor children, RW and SC. Petitioner, on behalf of her minor children, is thus

entitled to punitive damages, in addition to all available compensatory and special damages.

## COUNT III. VIOLATION OF CONSTITUTIONAL RIGHTS

21.

Petitioner, COLERETH CHANEY, on behalf of her minor children, RW and SC, incorporates herein by reference the allegations contained in paragraphs 1 through 16.

22.

It was the policy and practice of Defendants, the SIMMESPORT POLICE DEPARTMENT and the TOWN OF SIMMESPORT, to cover up the use of excessive and/or unnecessary force despite the lack of probable cause to arrest or any actual violation which would justify their actions. This policy and practice of Defendants, the SIMMESPORT POLICE DEPARTMENT and the TOWN OF SIMMESPORT, encouraged and cause constitutional violations by police officers of the SIMMESPORT POLICE DEPARTMENT, including the violation for Petitioner's minor children's constitutional rights by Defendant, CHIEF DEPUTY HALL, JOHN DOE and other officers to be identified, described in the foregoing paragraphs.

23.

At all times pertinent hereto, Defendants, the SIMMESPORT POLICE DEPARTMENT and the TOWN OF SIMMESPORT, and unknown supervisors, to be identified with discovery, who supervised the officers who unlawfully violated Petitioner's rights, encouraged and tolerated the policies and practices described in the foregoing paragraphs; said Defendants refused to adequately train, direct, supervise, or control Defendant, CHIEF DEPUTY HALL, JOHN DOE and other officers to be identified, so as to prevent the violation of Petitioner's minor children's constitutional rights.

24.

At all times pertinent hereto, Defendant, CHIEF DEPUTY HALL, JOHN DOE and other officers to be identified, was acting within the course and scope of his employment and pursuant to the aforementioned policies and practices of Defendants, the SIMMESPORT POLICE DEPARTMENT and the TOWN OF SIMMESPORT. These policies and practices were enforced by Defendants, the SIMMESPORT POLICE DEPARTMENT and the TOWN OF SIMMESPORT, and were the moving force, proximate cause, and/or affirmative link behind the conduct by Defendants, CHIEF DEPUTY HALL, JOHN DOE and other officers to be identified, which caused the Petitioner's minor children's injuries. Defendants, the SIMMESPORT POLICE DEPARTMENT and the TOWN OF SIMMESPORT, are therefore liable for the violations of Petitioner's minor children's constitutional rights by Defendant, CHIEF DEPUTY HALL, JOHN DOE and other officers to be identified.

**COUNT IV. VIOLATION OF STATUTORY CIVIL RIGHTS**

25.

Petitioner, COLERETHA CHANEY, on behalf of her minor children, RW and SC, incorporates herein by reference the allegations contained in paragraphs 1 through 16.

26.

The intentional use of excessive and/or unnecessary force against Petitioner by Defendant, CHIEF DEPUTY HALL, JOHN DOE and other officers to be identified, when Petitioner's minor children were unarmed and did not pose a threat of death or bodily injury to Defendant or others, when Defendant had no lawful authority to enter Petitioner's residence and draw a weapon on Petitioner's minor children or to use force against them, was done with actual malice toward Petitioner's minor children and with willful and wanton indifference to and deliberate disregard

for the statutory civil rights of Petitioner's minor children.

## COUNT V. ASSAULT AND BATTERY

27.

Petitioner, COLERETHA CHANEY, on behalf of her minor children, RW and SC, incorporates herein by reference the allegations contained herein.

28.

The use of physical force by Defendant, CHIEF DEPUTY HALL, JOHN DOE and other officers to be identified, when Defendant had no lawful authority to enter Petitioner's residence, when Petitioner's minor children were unarmed and did not pose a threat of death or bodily injury to the Defendant, CHIEF DEPUTY HALL, JOHN DOE and other officers to be identified, was without justification and/or provocation, was discriminatory and excessive, and further the actions constitute assault and battery for which Defendant, CHIEF DEPUTY HALL, JOHN DOE and other officers to be identified, are individually liable.

29.

As a proximate result of the assault and battery committed by Defendant, CHIEF DEPUTY HALL, JOHN DOE and other officers to be identified, Petitioner's minor children have sustained injuries and Petitioner, on behalf of her minor children, has incurred attorneys' fees and legal expenses, medical expenses, and other related expenses. These injuries have caused and will continue to cause Petitioner's minor children devastating anguish, suffering, humiliation, embarrassment, and psychological trauma.

30.

The intentional harassment and unlawful entry into the residence of Petitioner by Defendant, CHIEF DEPUTY HALL, JOHN DOE and other officers to be identified, when

Petitioner's minor children were unarmed and did not pose a threat of death or bodily injury to the Defendant, CHIEF DEPUTY HALL, JOHN DOE and other officers to be identified, when he did not have lawful authority to enter Petitioner's residence or to use force against the minor children of Petitioner, was done with actual malice toward Petitioner's minor children and with willful and wanton indifference to and deliberate disregard for human life and the rights of Petitioner's minor children. Petitioner, on behalf of her minor children, is thus entitled to punitive damages, in addition to all available compensatory and special damages.

### COUNT VI. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31.

Petitioner, COLERETHA CHANEY, on behalf of her Minor Children, RW and SC, incorporates herein by reference the allegations contained herein.

32.

Defendant, CHIEF DEPUTY HALL, JOHN DOE and other officers to be identified, intentionally abused, humiliated and embarrassed Petitioner's minor children in a manner that was extreme, outrageous, and unjustified, causing Petitioner to suffer physical, emotional, and psychological distress for which Defendant, CHIEF DEPUTY HALL, JOHN DOE and other officers to be identified, are individually liable.

33.

The intentional use of excessive and/or unnecessary force against Petitioner's minor children by Defendant, CHIEF DEPUTY HALL, JOHN DOE and other officers to be identified, was unjustified and done with actual malice and wanton indifference to and deliberate disregard for human life and the rights of Petitioner's minor children. Petitioner, on behalf of her minor children, is thus entitled to punitive damages, in addition to all available compensatory and special

damages.

## COUNT VII. NEGLIGENCE

34.

Petitioner, COLERETHA CHANEY, on behalf of her minor children, incorporates herein by reference the allegations contained in paragraphs 1 through 16.

35.

Defendant, CHIEF DEPUTY HALL, JOHN DOE and other officers to be identified, while acting as agent and employee for the SIMMESPORT POLICE DEPARTMENT and the TOWN OF SIMMESPORT, in his official capacity as a chief deputy officer for SIMMESPORT POLICE DEPARTMENT, owed a duty to Petitioner's minor children to perform police duties without the use of excessive and/or unnecessary force. Defendant's use of force upon Petitioner's minor children, when Petitioner's minor children had not committed a crime, was unarmed and did not pose a threat of death or bodily injury to Defendant or others constitutes negligence for which Defendant, CHIEF DEPUTY HALL, JOHN DOE and other officers to be identified, is individually liable.

36.

Defendant, CHIEF DEPUTY HALL'S, JOHN DOE and other officers to be identified, use of force upon Petitioner's minor children when Defendant had no lawful authority to enter Petitioner's residence or to use force against her minor children constitutes negligence for which Defendant, CHIEF DEPUTYHALL, JOHN DOE and other officers to be identified, is individually liable.

37.

As a proximate result of Defendant's, CHIEF DEPUTYHALL'S, JOHN DOE and other

officers to be identified, negligent use of excessive and/or unnecessary force, Petitioner's minor children have sustained seriously debilitating and incapacitating injuries and Petitioner, on behalf of her minor children, has incurred legal expenses, medical expenses, and other related expenses. These injuries have caused and will continue to cause Petitioner's minor children great anguish, suffering, humiliation, embarrassment, and psychological trauma.

## COUNT VIII. NEGLIGENCE

38.

Petitioner, COLERETHA CHANEY, on behalf of her minor children, RW and SC, incorporates herein by reference the allegations contained in paragraphs 1 through 16.

39.

The use of excessive and/or unnecessary force against Petitioner's minor children by Defendant, CHIEF DEPUTY HALL, JOHN DOE and other officers to be identified, when Petitioner's minor children were unarmed and did not pose a threat of death or grievous bodily injury to Defendant or others, and when Defendant had no lawful authority to enter Petitioner's residence or use excessive or unnecessary force against her minor children, was done with willful and wanton indifference to and deliberate disregard for human life and the rights of Petitioner's minor children. Petitioner, on behalf of her minor children, is thus entitled to punitive damages, in addition to all available compensatory and special damages.

## COUNT IX. NEGLIGENCE

40.

Petitioner, COLERETHA CHANEY, on behalf of her minor children, RW and SC, incorporates herein by reference the allegations contained in paragraphs 1 through 16.

41.

At all times pertinent hereto, Defendant, CHIEF DEPUTY HALL, JOHN DOE and other officers to be identified, was acting within the course and scope of his official employment as a chief deputy of the SIMMESPORT POLICE DEPARTMENT and the TOWN OF SIMMESPORT.

42.

Defendants, the SIMMESPORT POLICE DEPARTMENT, the TOWN OF SIMMESPORT, and DEPUTY CRANE PAUL WOLF, are thus liable for compensatory and special damages for the egregious acts committed with regard to the subject incident which include maintaining customs and practices permitting the use of excessive and/or unnecessary force and the excessive and/or unnecessary force of the Chief Deputy, respectively.

**COUNT X. NEGLIGENCE**

43.

Petitioner, COLERETHA CHANEY, on behalf of her minor children, RW and SC, incorporates herein by reference the allegations contained in paragraphs 1 through 16.

44.

Defendant, the SIMMESPORT POLICE DEPARTMENT and the TOWN OF SIMMESPORT, owed a duty to Petitioner, on behalf of her minor children, to train, supervise and otherwise control, Defendant, CHIEF DEPUTYHALL, JOHN DOE and other officers to be identified, and its police officers and deputies in the use of force, and other matters incidental to the exercise of police functions. Defendant, the SIMMESPORT POLICE DEPARTMENT and the TOWN OF SIMMESPORT, failed to provide adequate training, supervision, and/or control of Defendant, CHIEF DEPUTY HALL, JOHN DOE and other officers to be identified, and this

willful and wanton failure constitutes negligence.

45.

As a proximate result of the SIMMESPORT POLICE DEPARTMENT and the TOWN OF SIMMESPORT negligently failing to provide adequate training, supervision, and control of Defendant, CHIEF DEPUTY HALL, JOHN DOE and other officers to be identified, Petitioner's minor children have sustained permanent injuries and has incurred and will continue to incur general and special damages. These injuries have caused and will continue to cause Petitioner's minor children pain, suffering, emotional distress, humiliation, embarrassment, and psychological trauma.

**COUNT XI. NEGLIGENCE**

46.

Petitioner, COLERETHA CHANEY, on behalf of her minor children, RW and SC, incorporates herein by reference the allegations contained in paragraphs 1 through 16.

47.

Defendants, the SIMMESPORT POLICE DEPARTMENT and the TOWN OF SIMMESPORT have failed to provide adequate training and supervision to Defendant, CHIEF DEPUTY HALL, JOHN DOE and other officers to be identified, and its deputies and officers, which constitutes a willful and wanton indifference and deliberate disregard for human life and the rights of private citizens, including Petitioner's minor children. Petitioner, on behalf of her minor children, is thus entitled to punitive damages for such negligent disregard which proximately contributed to injuries inflicted by Defendant, CHIEF DEPUTY HALL, JOHN DOE and other officers to be identified, on the day of the subject incident.

**COUNT XII. MALICIOUS ABUSE OF PROCESS, FALSE ARREST, FALSE IMPRISONMENT AND MALICIOUS PROSECUTION**

48.

Petitioner, COLERETHA CHANEY, on behalf of her minor children, RW and SC, incorporates herein by reference the allegations in paragraphs 1 through 16.

49.

Defendant, CHIEF DEPUTY HALL, unlawfully entered the residence of Petitioner, COLERETHA CHANEY and her minor children, RW and SC. Petitioner's minor children's freedom was restricted when they were confronted with a weapon being held upon them by Defendant, CHIEF DEPUTY HALL, JOHN DOE and other officers to be identified, and subsequently forced to remain in Defendant's custody. Petitioner's minor children were restrained against their will without a warrant or any other legal authority or basis and further charged with crimes they did not commit. Said actions constitute malicious abuse of process, false arrest, false imprisonment and malicious prosecution.

50.

As a proximate result of this malicious abuse of process, false arrest, false imprisonment and malicious imprisonment, Petitioner's minor children have suffered the damages and excruciating as aforesaid.

**COUNT XIII. INVASION OF PRIVACY**

51.

Petitioner, COLERETHA CHANEY, on behalf of her minor children, incorporates herein by reference the allegations in paragraphs 1 through 16.

52.

Defendant, CHIEF DEPUTY HALL, JOHN DOE and other officers to be identified,

unreasonably intruded upon Petitioner's minor children's physical solitude and/or seclusion thereby invading Petitioner's minor children's right to be let alone. Said Defendant's conduct was unreasonable and seriously interfered with Petitioner's minor children's privacy interests.

53.

As a proximate result of this invasion of privacy, Petitioner's minor children sustained the damages aforesaid.

54.

Defendants are liable unto Petitioner, COLERETHA CHANEY, on behalf of her minor children, RW and SC, jointly, severally, and *in solido.*

### *ATTORNEYS' FEES*

55.

Undersigned counsel, specifically plead their rights to attorneys' fees as authorized by the Civil Rights Attorneys Fess Awards Act of 1976 (amending Title 42 U.S.C. Sec. 1988) for their actions in enforcing Sections 1981, 1983, 1985(3), 1986, 1988 of Title 42 of the United States Code.

56.

Petitioner, COLERETHA CHANEY, on behalf of her minor children, RW and SC, is entitled to and request a trial by jury on all issues here.

57.

WHEREFORE, Petitioner, COLERETHA CHANEY, on behalf of her minor children, RW and SC, prays that:

Defendants, CHIEF DEPUTY HALL, JOHN DOE and other officers to be identified, Individually and in his official capacity as DEPUTY OF SIMMESPORT POLICE

DEPARTMENT AND the TOWN OF SIMMESPORT, be duly served with a copy of the foregoing Complaint and after legal delays have expired that there be Judgment in favor of Petitioner, on behalf of her minor children, JW and SC.

Petitioner further prays that this Court award compensatory damages against the Defendants, CHIEF DEPUTY HALL, JOHN DOE and other officers to be identified, Individually and in his official capacity as DEPUTY OF SIMMESPORT POLICE DEPARTMENT AND the TOWN OF SIMMESPORT, and each of them jointly and severally, and *in solido*, in the amount reasonable in the premises and award punitive damages against the named Defendants herein, and award costs of this action, including attorney's fees, and an award such other and further relief as this Court may deem appropriate in favor of the Petitioner, COLERETHA CHANEY, on behalf of her minor children, RW and SC.

Petitioner further prays that this Court exercise its pendent jurisdiction and hear any and all state claims against Defendants, CHIEF DEPUTY HALL, JOHN DOE and other officers to be identified, Individually and in his official capacity as CHIEF DEPUTY OF SIMMESPORT POLICE DEPARTMENT and the TOWN OF SIMMESPORT.

Respectfully submitted,

**THE JOHNSON LAW GROUP**
*(A PROFESSIONAL LAW CORPORATION)*

BY: /s/ *Willie G. Johnson, Jr.*
**WILLIE G. JOHNSON, JR (#28628)**
**SOPHIA J. RILEY (#32286)**
Post Office Box 84509
Baton Rouge, LA 70884
Telephone: (225) 717-7070
Facsimile: (225) 930-8573
Email: wjohnson@jlglegal.com